UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-cv-00012-GNS-LLK

KAREN W.                                              PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security           DEFENDANT

### REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Disability Insurance Benefits under Title II of the Social Security Act. [Doc. 1]. The fact and law summaries of the parties are at Doc. 13 and 15. Pursuant to General Order No. 2019-11, the Court referred this matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [Doc. 11].

Plaintiff makes three arguments. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The ALJ's decision

On March 5, 2021, the Administrative Law Judge (ALJ) issued the Commissioner's final decision. [Administrative Record, Doc. 10 at 141-54]. The ALJ found that Plaintiff has not been under a disability from January 8, 2020, when Plaintiff alleges that she became disabled, through March 5, 2021, the ALJ's decision date. *Id.* at 154.

The ALJ analyzed Plaintiff's disability claim pursuant to the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 8, 2020. [Doc. 10 at 143].

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments:  degenerative disc disease of the lumbar spine with spinal cord stimulation; diabetes mellitus; neuropathy; and obesity.  *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.* at 147.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ found that, notwithstanding her severe physical impairments, Plaintiff can:

> … perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can engage in light exertionals.  She can stand/walk for 4 hours in an 8-hour workday.  She can push/pull with the bilateral lower extremities frequently.  She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.  She can frequently balance.  She can occasionally stoop, kneel, crouch, and crawl.  She can frequently handle and finger bilaterally.  She should avoid concentrated exposure to extreme cold, humidity, vibrations, unprotected heights, and moving machinery.

Id. at 148.

Fourth, the ALJ found that Plaintiff retains the ability to perform her past relevant work as an office manager and as an account clerk as those jobs are generally performed in the national economy.  Id. at 153.

**Standard of review**

In the Social Security context, the question for the reviewing court is whether the ALJ's decision "is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  The Court "will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion."  *Gayheart v. Comm'r*, 710 F.3d 365, 374 (6th Cir. 2013).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  The Court "may not try the case de novo nor resolve conflicts in evidence, nor

decide questions of credibility." *Cohen v. Sec'y*, 964 F.2d 524, 528 (6th Cir. 1992) (quotation omitted). And the Court is not empowered to reweigh the evidence. *Price v. Comm'r*, 342 F. App'x 172, 174 (6th Cir. 2009).

### The ALJ's evaluation of the medical opinions of Dr. El-Naggar

On February 8, 2021, Amr El-Naggar, M.D., Plaintiff's treating neurosurgeon, completed the Medical Source Statement form. [Doc. 10 at 825-29]. Among other things, Dr. El-Naggar opined that Plaintiff: can sit up to 30 minutes continuously for a total of 3 hours in an 8-hour workday, can stand for 20 minutes continuously for a total of 2 hours in an 8-hour workday, can walk for 30 minutes continuously for a total of 1 hour in an 8-hour workday, cannot use legs or feet for repetitive movements (e.g. pushing and pulling of leg or foot controls), would have a moderate limitation in driving a motor vehicle, and would be absent from work more than 4 times per month. *Id.*

The ALJ found Dr. El-Naggar's medical opinions to be "not persuasive" for the following reasons:

> This opinion is not persuasive because it is not consistent with or supported by the medical evidence of record. The claimant is not as limited as Dr. El-Naggar has opined. The record does not support some of Dr. El-Naggar's limitations, which appear to be speculative and have no support in the medical evidence of record. For example, limitations of a "moderate" limitation in driving a motor vehicle or that the claimant would be absent more than 4 times per month are not supported by any objective findings.

[Doc. 10 at 153].

### Plaintiff's three arguments are unpersuasive.

First, Plaintiff argues that "the ALJ failed to give the appropriate weight to the opinions" of Dr. El-Naggar. [Doc. 13 at PageID.877]. Specifically, Plaintiff argues that the ALJ's finding that the medical opinions of Dr. El-Naggar's are "not persuasive" [Doc. 10 at 153] did not comport with the standards for weighing medical opinions set forth at 20 C.F.R. § 404.1527(c)(2).[1] [Doc. 13 at PageID.877-78]. Plaintiff

---

[1] 20 C.F.R. § 404.1527(c)(2) provides:
  Treatment relationship. Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that

3

persuasively argues that the ALJ did not weigh Dr. El-Naggar's opinions pursuant to 20 C.F.R. § 404.1527(c)(2).  But Plaintiff's overall argument is unpersuasive because 20 C.F.R. § 404.1527(c)(2) does not apply to this case.

Plaintiff filed her application for benefits on January 16, 2020.  [Doc. 10 at 141].  "For claims filed … on or after March 27, 2017, the rules in this section apply."  20 C.F.R. § 404.1520c.  "For claims filed before March 27, 2017, the rules in § 404.1527 apply."  *Id.*

Under the new regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."  20 C.F.R. § 404.1520c(a).  An ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors" when determining the persuasiveness of an opinion.  20 C.F.R. 404.1520c(c)(1)-(5).  But the ALJ need only explain how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding.  20 C.F.R. § 404.1520c(b)(2).  The more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion(s) will be. 20 C.F.R. § 404.1520c(c)(1).  The more consistent the medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive it will be.  20 C.F.R. § 404.1520c(c)(2).

---

cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527(c)(2).  The factors listed at paragraphs (c)(2)(i) and (ii) and (c)(3) through (6) are:  length of the treatment relationship and the frequency of examination; nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors.  Plaintiff refers to these factors as the "*Burgess*" factors.  [Doc. 13 at PageID.877 citing *Estrella v. Comm'r*, 925 F.3d 90, 95 (2d Cir. 2019) referencing *Burgess v. Comm'r*, 537 F.3d 117, 120 (2d Cir. 2008)].

The ALJ's finding that the medical opinions of Dr. El-Naggar are "not persuasive" [Doc. 10 at 153] comported with applicable standards because the ALJ explained how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion.  20 C.F.R. § 404.1520c(b)(2).

Admittedly, substantial evidence would have supported a different weighing of the relevant factors in favor of Plaintiff's disability claim.  However, the substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts."  *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009).  A reviewing court decides only whether substantial evidence supports the ALJ's decision.  *Id.*  If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion.  *Id.*

Second, Plaintiff argues that "the ALJ erred in determining that [she] could engage in substantial gainful activity at the sedentary level."  [Doc. 13 at PageID.879].  The ALJ allegedly erred in not considering the effect of Plaintiff's diabetic neuropathy on her lower extremities and her spinal discomfort, which necessitated use of a spinal cord stimulator.  The argument is unpersuasive because the ALJ limited Plaintiff to 4 hours of standing/walking per 8-hour workday.  [Doc. 10 at PageID.148].  It is unclear why Plaintiff believes that the ALJ was required to find that her diabetic neuropathy and spinal discomfort preclude even sedentary work.

Third, Plaintiff argues that "the [ALJ] erred in failing to consider the combined effects of [her] impairments."  [Doc. 13 at PageID.879-80].  The argument is unpersuasive because it is conclusory.  The ALJ's discussion of multiple impairments does not imply that the ALJ failed to consider the combined effect of impairments.  *Burton v. Comm'r*, 702 F. App'x 436, 437 (6th Cir. 2017).

## RECOMMENDATION

Because Plaintiff's three arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

July 15, 2022

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

July 15, 2022

Lanny King, Magistrate Judge
United States District Court